NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LAWRENCE ANDREW TRACY, *Appellant.*

No. 1 CA-CR 16-0370
FILED 5-11-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-150215-001
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

---

**B E E N E**, Judge:

¶1          This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following Lawrence Andrew Tracy Jr.'s ("Tracy") conviction for third-degree burglary. Tracy's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *State v. Clark*, 196 Ariz. 530 (App. 1999). Tracy was given the opportunity to file a supplemental brief *in propria persona* but did not do so. Counsel now asks this Court to search the record for fundamental error. After reviewing the entire record, we affirm Tracy's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY[1]**

¶2          On October 29, 2015, Tracy entered a convenience store with a black tote bag. Tracy went behind the cash register and stole approximately $260 worth of cigarettes and alcohol, placing the stolen items in the tote bag. Tracy exited the convenience store and sprinted to a van, which sped away from the convenience store. Police officers observed Tracy and followed the van. Police stopped the van, and detained Tracy.

¶3          Several minutes after detaining Tracy, officers received a 9-1-1 dispatch informing them of a crime at the convenience store. Police emptied the contents of the tote bag and found the stolen cigarettes and alcohol. Police detained Tracy until another officer arrived with a witness, who positively identified Tracy as the perpetrator in a one-on-one identification. Police arrested Tracy, and he was subsequently charged with third-degree burglary.

---

[1]          We view the facts in the light most favorable to upholding the jury's verdict and resolve all inferences against Tracy. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶4**        Tracy proceeded to trial, and was found guilty. Based on historical priors, Tracy was sentenced to eight years' incarceration with 204 days of presentence incarceration credit. Tracy timely appealed his conviction. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2017), 13–4031 (2017) and 13–4033(A)(1) (2017).[2]

## DISCUSSION

**¶5**        The record reflects no fundamental error in pretrial proceedings. Tracy rejected the State's plea offer after a *Donald* advisement, and his case proceeded to trial. *State v. Donald*, 198 Ariz. 406 (App. 2000). The superior court held an appropriate pretrial hearing on Tracy's prior felony convictions and how they were to be referred to at trial pursuant to Rule 609 of the Arizona Rules of Evidence.

**¶6**        The record also reflects Tracy received a fair trial. He was represented by counsel at all stages of the proceeding against him and was present at all critical stages. The superior court did not conduct a voluntariness hearing; however, voluntariness of Tracy's statements to police were not raised by counsel nor did the evidence at trial suggest Tracy's statements were involuntary. *State v. Fassler*, 103 Ariz. 511, 513 (1968).

**¶7**        The State presented direct and circumstantial evidence sufficient for a reasonable jury to convict Tracy. Tracy's counsel admitted that Tracy stole the items from the convenience store, only arguing that Tracy is guilty of shoplifting, not third-degree burglary. However, the State presented testimony and evidence showing Tracy entered the area behind the cash register, an area he was not authorized to enter. A.R.S. § 13-1506(A)(1) (2017).

**¶8**        The jury was properly comprised of eight members with two alternates.[3] The superior court properly instructed the jury on the elements of the charge. The key instructions concerning burden of proof,

---

[2]        Absent material revisions after the date of an alleged offense, we cite a statute's current version.

[3]        Juror 3 was excused on the last day of trial because of an emergency, and the trial proceeded with one alternate juror.

presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were also properly administered. The jury returned a unanimous verdict. The superior court received a presentence report, accounted for mitigating factors, and properly sentenced Tracy to a mitigated term of eight years in prison.

## CONCLUSION

**¶9** We reviewed the entire record for reversible error and find none; therefore, we affirm the conviction and resulting sentence.

**¶10** After the filing of this decision, defense counsel's obligation pertaining to Tracy's representation in this appeal will end. Defense counsel need do no more than inform Tracy of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the Court's own motion, Tracy has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Further, Tracy has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

4